## In re ROGERS.

Court of Customs and Patent Appeals. December 19, 1929.

No. 2191.

J. D. Cox and L. B. Mann, both of Chicago, Ill. (Watts T. Estabrook, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge. This appeal from the decision of the Commissioner, which affirmed the action of the Examiners in Chief, involves a single claim for an invention relating to shipping brackets or brace members for shipping motor vehicles. The claim is as follows:

16. "In combination with a vehicle provided with wheels, a floor support for supporting said wheels, a light metallic brace member engaging a portion of one of said wheels for holding said wheel on said support, said brace member extending downwardly from said vehicle into engagement with said support and having each of its ends located outwardly of said wheel from said vehicle, and means for engaging and positively securing each end of said brace member in position for holding said wheel in engagement with said support for supporting said vehicle."

It is stated in the opinion of the Commissioner that:

"The appellant's bracket or brace member has been found to be specifically new as evidenced by the allowance of fourteen claims. The ground for the rejection of the appealed claim is that said claim fails to distinguish the invention in patentable respects from the cited patents."

The references are Souther, No. 1,228,983, June 5, 1917, and Fey, No. 1,261,113, April 2, 1918.

Appellant contends that his application here involved has been successful in three interferences which involved two-thirds of the claims with five different parties, and that after the interferences only two claims were presented, one of which was allowed, and the one herein involved, which has been appealed.

It is stated in the opinion of the Examiners in Chief that:

"There are fourteen claims allowed in this case and claim 15 is substantially like claim 10 except that it does not specify that the brace extends laterally outwardly from the vehicle. As it is drawn it distinguishes from the references only in stating that the brace holds the wheel in engagement with the support."

As the record reaches us, claim 10 is not before us, but this statement by the Examiners in Chief is not disputed by appellant, and in argument before this court he stressed the importance of it being protected by his claim 15 or the substitute, 16, by the provi-sion for a brace which "extends laterally outwardly from the vehicle," in so far that his patent might be infringed by some one who extended a similar brace in a slightly different direction, and that since he was the pioneer, he was entitled to full protection in order to secure to him the fruits of his inventive genius and his victories in infringement proceedings.

The rejection by the tribunals below is on the ground that there was no invention in appellant's device which was "to provide an inexpensive device for firmly holding the wheels on the checks and for avoiding the defacing incident to the use of the holding means ordinarily employed" and for "holding the wheels of an automobile on the floor of the car during shipment," since the references disclosed a means of accomplishing a similar end.

The difficulty with this position, as we understand it, is that in the prior art, embodied in the references, means for holding the wheels and weight of the car *off the floor* were employed, and that this was done by elaborate and expensive jacks which necessitated the jacking of the car from the floor. True enough, each device contained appliances which extended from the wheel downwardly, but they performed a different function and, if they were calculated to accomplish any of the purposes claimed in appellant's device, they were accomplished in a different manner and obviously in a more expensive way and in a manner entailing more labor and time.

We must disagree with the tribunals in their holding that there was no invention in the employment of a device for holding the car *down* when the prior art, as far as the references disclose, was designed to hold the car *up*.

Probably, in the view of the tribunals below, this idea is covered by the allowance of other claims. This we do not know, and since it is an issue discussed and decided in the opinions of the tribunals below, we think it proper to hold that claim 16 should have been allowed, since it seems to contain the essentials of the invention expressed in such detail as to adequately protect the invention.

We do not think it was a matter of judgment or choice in providing a light metallic brace which would hold the car down rather than to provide a means consisting of heavy, strong supports for holding the wheels of the car above the floor. An entirely different principle is involved, the results accomplished in the two processes are accomplished in entirely different manners, and applicant

should not be denied full protection for such an advancement of the art as he has shown to have contributed.

The judgment of the Commissioner is reversed.

Reversed.